IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL MAURICE PUTILLA,#1047723, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-551-B |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Allred Unit in Iowa Park, Texas. Respondent is the Director of TDCJ-CID.  The court did not issue process in this case pending preliminary screening.

Statement of the Case:  Petitioner is presently serving concurrent thirty-year sentences for four aggravated robbery offenses.  *State v. Putilla*, Nos. F00-57274, F01-39873, and F00-57273, and F01-39874 (Dallas County Dist. Ct. Jun, 25, 2001).

In this action, Petitioner seeks to challenge unspecified policies and practices of the Texas Pardon and Parole Board ("Board) on constitutional grounds. Even when liberally construed, the petition and memorandum in support are difficult to understand.

On March 23, 2010, the magistrate judge issued a questionnaire to Petitioner, who filed his answers thereto on April 6, 2010.

<u>Findings and Conclusions</u>: A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274, 125 S. Ct. 1528 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. In answer to the questionnaire, he concedes that he did not exhaust his state habeas remedies by filing an art. 11.07 application. (*See* Answer to Question 3 of the Magistrate Judge's questionnaire). Accordingly, the petition

for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[2]

Signed this 16th day of April, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[1] To the extent Petitioner seeks to challenge a time credit claim, he may need to resort first to the procedure outlined in Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2010) before filing a state habeas application.

[2] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.